IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,                     No. CIV S-10-2918 GEB DAD PS

    v.

C.D.C., et al.,                        <u>ORDER</u>

    Defendants.
_____/

        This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. To state a claim on which relief may be

1

granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

The court find the allegations in plaintiff's complaint too vague and conclusory to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of

1  particularity overt acts which the defendants engaged in that support the plaintiff's claims.
2  Jones, 733 F.2d at 649.  A complaint must also contain "a short and plain statement of the
3  grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)
4  & 8(a)(3).
5         In his complaint plaintiff alleges, apparently during a period of time when he was
6  incarcerated[1], that "D.V.I RC Correctional Officer Morgan" harassed and attempted to sexually
7  assault plaintiff in his cell.  (Compl. (Doc. No. 1) at 1.)  Plaintiff's complaint does not, however,
8  provide any further factual details or even a date upon which this incident allegedly occurred.
9  Moreover, plaintiff's complaint does not contain a short and plain statement of the grounds upon
10 which the court's jurisdiction depends, a short and plain statement of the claim showing that the
11 plaintiff is entitled to relief, or a demand for judgment for the relief plaintiff seeks.  In this
12 regard, plaintiff's complaint fails to satisfy the minimum requirements for a civil complaint in
13 federal court and does not state a cognizable claim.  Accordingly, plaintiff's complaint will be
14 dismissed for failure to state a claim.
15        The undersigned has carefully considered whether plaintiff may amend his
16 complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to
17 amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.
18 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
19 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
20 while leave to amend shall be freely given, the court does not have to allow futile amendments).
21 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be
22 dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in
23 support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,
24 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.

---

[1] It would appear from plaintiff's address of record, that he is not currently incarecerated.

Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, because of the vague and conclusory nature of plaintiff's complaint the court cannot say that it appears beyond doubt that leave to amend would be futile. Plaintiff's original complaint will therefore be dismissed, and he will be granted leave to file an amended complaint. Plaintiff is cautioned however that, if he elects to file an amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that any amended complaint he elects to file in this action must be complete in itself without reference to prior pleadings that have been dismissed. See Local Rule 220. The court cannot refer to prior pleadings in order to make plaintiff's first amended complaint complete. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Moreover, any amended complaint must set forth factual allegations describing the conduct and events which underlie his claims against each defendant named in the pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 29, 2010 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. The complaint filed October 29, 2010 (Doc. No. 1) is dismissed with leave to amend.

/////

3. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: May 18, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\smith2918.ifp.ord